**VICTOR N. PIPPINS**
California State Bar No. 251953
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467 ext. 3737

Attorneys for Mr. Juan Gutierrez-Balderrama

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE THOMAS J. WHELAN)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JUAN GUTIERREZ-BALDERRAMA<br>Defendant. | CASE NO. 07CR3448-W<br><br>DATE: May 12, 2008<br>TIME: 9:00 A.M.<br><br>DEFENDANT'S<br><u>SENTENCING MEMORANDUM</u> |

TO: CAROL C. LAM, UNITED STATES ATTORNEY;
FRED SHEPPARD, ASSISTANT UNITED STATES ATTORNEY; AND
LISA WILLIAMS, UNITED STATES PROBATION OFFICER:

Juan Gutierrez-Balderrama, the defendant in this case, by and through his counsel, Victor Pippins and Federal Defenders of San Diego, Inc., hereby files the following Sentencing Memorandum.

**I.**

**INDIVIDUAL BEFORE THE COURT**

Mr. Gutierrez-Balderrama is a 44 year old Mexican citizen who has lived his entire life in the city of Mexicali. His whole family, including six siblings, live in Mexicali as well, forming what is a very tight-knit family. [PSR 3] Mr. Gutierrez is the husband of Romelia Vasquez Carillo, and the proud father of three minor children. [PSR 4]. Two of these children, 9 year old Melissa and 10 year old Angel live with Mr. Gutierrez and his wife in Mexicali. Mr. Gutierrez's first child, from another relationship, is 13 year old Cassandra, who lives with her mother in Mexicali. [PSR 4]. Mr. Gutierrez has often stated how difficult it

has been for him to separated from his family during his incarceration.

Mr. Gutierrez is a hardworking and well educated man. He completed twelve years of formal education in Mexico and one year of college. He also fulfilled his 1 one year requirement in the Mexican army as a young man. [PSR 5]. Over the years, Mr. Gutierrez has worked at a number of different jobs in order to support his family. Most recently he worked at a taco stand, but has also worked in a glass assembly plant, as a security guard, and as a janitor. [PSR 5].

The instant offense blemishes an otherwise spotless criminal record. Mr. Gutierrez has never engaged in behavior similar to the offense at hand. He has had no juvenile adjudications and no criminal convictions. [PSR 9]. Further, he has never been charged with committing a criminal act prior to the instant offense.[PSR 2]. This clean history is supported by the fact that Mr. Gutierrez had a Border Crossing visa. Such a visa is not available to people with criminal convictions.

Mr. Gutierrez is ashamed of the act that led to his conviction in this case. This aberrant act was the result of desperation due to the serious medical condition of Mr. Gutierrez's mother, who is disabled and unable to care for herself because of serious complications of her diabetes. Mr. Gutierrez did not have a car, and thus was unable to transport her to medical appointments which she regularly needs. He agreed to participate in the act that led to his arrest in order to get a car to help him to care for her. He had no intention of continuing in this activity after getting a vehicle that he could use to transport his mother. The fact that he has been separated from his mother, and thus not available to help her in her day to day activities is a source of a great deal of stress and grief.

Mr. Gutierrez's role in the instant offense, although serious, was brief and minor. Mr. Gutierrez agreed to drive a car across the border that had drugs concealed within in exchange for an undisclosed vehicle. The person who arranged the smuggling was a patron of the taco shop where Mr. Gutierrez worked. After seeing that this patron seemed to have a number of different vehicles, Mr. Gutierrez asked how much he could buy one for. This patron named a price that was far in excess of what Mr. Gutierrez could afford, but offered to give him a car if Mr. Gutierrez would smuggle a load of drugs into the United States.

## II.

## SENTENCING REQUEST UNDER 18 U.S.C.§ 3553(a)

Mr. Gutierrez-Balderrama respectfully requests a sentence of **credit time served** with a **2 year term**

**of supervised release**. This request is based on the Mr. Gutierrez's history and characteristics and the nature of the offense, as described above. The district court has discretion to consider all relevant factors presented by a defendant when imposing a sentence. Koon v. United States, 518 U.S. 81 (1996). 18 U.S.C. § 3553(a) sets forth the factors a district court must consider when imposing a sentence upon a defendant. The Guidelines are among the factors a sentencing judge must consider, however, the Guidelines no longer impose binding sentencing requirements in light of the recent ruling in United States v. Booker, 125 S. Ct. 738 (2005). Booker invalidated subsection (b)(1) of 18 U.S.C. § 3553 and subsequently, sentencing judges are now required only to consider the Guidelines as one factor in conjunction with other sentencing goals. Id.

In light of Booker, the Court has greater leeway to consider a variety of relevant factors concerning Mr. Gutierrez-Balderrama's character and his involvement in the instant offense. 125 S.Ct. 738. The instant case warrants a sentence of **credit time served and two years supervised release.**

## III.

## THE PLEA AGREEMENT

| | |
|---|---|
| Base Offense Level [§ 2D1.1(c)(11)] | 18 |
| Adjustment for Safety Valve [§§ 2D1.1(b)(9), 5C1.2] | - 2 |
| Adjustment for Minor Role [§ 3B1.2] | - 2 |
| Adjustment for Acceptance of Responsibility [§ 3E1.1] | - 2 |
| Departure for Fast Track [§ 5K2.20] | - 2 |
| **Total Offense Level** | **10** |
| **Criminal History Category I** (0 Criminal History Points) | |
| **Sentencing Guideline Range** | **6-12 months** |

## IV.

## ADJUSTMENTS AND DEPARTURES.

1. The Court Should Adjust Downward Two (2) Levels for Minor Role.

Pursuant to U.S.S.G. § 3B1.2(b), a two level downward departure is warranted if the defendant played a minor role in the offense. Mr. Gutierrez did not load the drugs, did not know where in the car they were, and was not going to unload them upon arrival in to the United States. Mr. Gutierrez's role in the instant offense was limited to his courier duties. Accordingly, Mr. Gutierrez requests a two level adjustment

for his minor role in the offense.

2. The Court Should Adjust Downward Two (2) Levels for Acceptance of Responsibility.

Mr. Gutierrez should receive a two level downward departure for his acceptance of responsibility. Mr. Gutierrez relieved the government of its burden of preparing for trial by accepting a plea agreement and entering a guilty plea early in the proceedings. Pursuant to U.S.S.G. § 3E1.1, the Court should depart two levels because Mr. Gutierrez accepted responsibility for his involvement in the present offense.

3. The Court Should Adjust Downward Two (2) Levels for Limitations of Statutory Minimums

Mr. Gutierrez should receive a two level downward departure for the limitation on applicability of statutory minimum sentences under U.S.S.G. § 5C1.2. Mr. Gutierrez has zero criminal history points as his has no previous criminal convictions. He did not use violence or threaten violence when committing the instant offense. The commission of the instant offense did not result in death or serious bodily injury. And, as Mr. Gutierrez was only a minor participant in the instant offense, a courier, he took no leadership role in the planning and commission of the event. Finally, Mr. Gutierrez has had a chance to and willingly provided to the Government information regarding the instant offense. As he has met all the requirements of § 5C1.2, he should receive a two point departure for the offense.

4. The Court Should Adjust Downward Two (2) Levels for Participation in an Early Disposition Program

Mr. Gutierrez should receive a two level downward departure for participating in the Government's "fast track" program. Pursuant to U.S.S.G. § 5K3.1, Mr. Gutierrez's participation in this early disposition program saved the Government and court numerous hours in the prosecution of this offense, thus his sentence should be reduced to reflect such conservation of man-hours.

5. The Court Should Depart Downward Two (2) Levels for Aberrant Behavior

Mr. Gutierrez should receive a two level downward departure for his aberrant behavior in the commission of the instant offense, his only criminal charge or conviction. A downward departure may be warranted when the defendant's conduct is a single act of aberrant behavior. United States v. Takai, 941 F.2d 738, 743 (9th Cir. 1991); see U.S.S.G. § 5K2.20.

A downward departure for aberrant behavior is commonly awarded when a first offense constitutes

a single act of truly aberrant behavior. United States v. Dickey, 924 F.2d 836, 838 (9th Cir. 1990), cert. denied, 502 U.S. 943 (1991); see also United States v. Fairless, 975 F.2d 664 (9th Cir. 1992); United States v. Morales, 972 F.2d 1007 (9th Cir. 1992), cert. denied, 507 U.S. 1012 (1993); United States v. Takai, 941 F.2d 738 (9th Cir. 1991).

To determine whether or not an offense constitutes an act of aberrant behavior, the sentencing court must look to the totality of the circumstances. Fairless, 975 F.2d at 667. The Tenth Circuit reached a similar conclusion in United States v. Pena, 930 F.2d 1486 (10th Cir. 1991). In Pena, the defendant drove a vehicle to a border checkpoint near Truth or Consequences, New Mexico. The vehicle contained marijuana. The Tenth Circuit upheld an **eight level downward** departure based on the aberrational character of the defendant's conduct. The court noted,

> [defendant's] behavior . . . was an aberration from his usual conduct, which reflected long term employment, economic support of his family, no abuse of controlled substances, and no prior involvement in the distribution of such substances.

Id. at 1495. Thus, courts frequently consider a defendant's lack of criminal involvement, economic conditions, and character when determining whether the circumstances warrant a departure.

This is Mr. Gutierrez's first offense and consideration of the "totality of the circumstances," combined with lengthy work history and otherwise spotless criminal record reveals a combination of factors worthy of a two-level downward departure. Mr. Gutierrez has always been employed and tried to provide for his family. [PSR 5]. The fact that Mr. Gutierrez is 44 years old and never even been charged with a crime prior to this incident shows that he is exactly the type of person who the aberrant behavior departure was created for. Mr. Gutierrez his a hardworking man who, one this one occasion, tried to take a shortcut which he has already paid dearly for. He had no financial interest in the marijuana he was transporting, and was not involved in any of the planning associated with this venture. His involvement in this offense was an aberrant occurrence for which he has deep remorse.

//

//

//

**V.**

**CRIMINAL HISTORY**

Mr. Gutierrez's criminal history category is I as he has no prior convictions.

**VI.**

**SENTENCING RECOMMENDATION**

Mr. Gutierrez's requests that the Court impose a custodial sentence of **credit time served** so that he can return home to continue supporting his family. Mr. Gutierrez has already served over four months in custody, which has been a truly eye-opening experience for a person who had never spent a day in jail before. His lack of criminal history shows that he is not a danger to the community, and the pain that Mr. Gutierrez and his family have suffered due to his incarceration have provided an adequate deterrent to any further criminal activity. Under the totality of the circumstances, the interests of justice would be best served by an imposition of a sentence of **credit time served with 2 years of supervised release.**

Respectfully submitted,

*/s/ Victor N. Pippins*

Date: May 7, 2008

**VICTOR N. PIPPINS**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Gutierrez-Balderrama

**VICTOR N. PIPPINS**
California State Bar No. 251953
FEDERAL DEFENDERS OF SAN DIEGO, INC.
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
Email: Victor_Pippins@fd.org

Attorneys for Defendant

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE THOMAS J. WHELAN)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUAN GUTIERREZ-BALDERRAMA,<br><br>Defendant. | Case No.: 07CR3448-W<br>Date: May 12, 2008<br>Time: 9:00 a .m.<br><br>**CERTIFICATE OF SERVICE** |

Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best of his information and belief, and that a copy of the foregoing document has been served this day upon:

**Fred A. Sheppard**
fred.sheppard@usdoj.gov,efile.dkt.gc1@usdoj.gov

emailed to: Lisa Williams, United States Probation Officer

Respectfully submitted,

DATED: May 7, 2008

*/s/ Victor N. Pippins*
**VICTOR N. PIPPINS**
Federal Defenders of San Diego, Inc.
Attorneys for Defendant